19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Frederick GRACE, Defendant/Appellant.
 No. 91-1764.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 1, 1994.*
Decided March 9, 1994.
 
 Before BAUER, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In February of 1991 a jury found Frederick Grace guilty of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846 and 18 U.S.C. Sec. 2. Grace was sentenced to twenty-two years' imprisonment.[1]
 
 
 2
 One issue is presented on appeal: whether the district court's finding that Grace's false testimony at a pre-trial suppression hearing was material within the meaning of Sec. 3C1.1 of the Sentencing Guidelines (U.S.S.G.), so as to justify a two-point increase in offense level for obstruction of justice. Our review of the district court's finding of obstruction of justice is deferential. Dunnigan, 113 S.Ct. 1111, 1117 (1993). The district court made the proper finding, as required by Dunnigan, and that finding is not clearly erroneous. Grace, however, argues that his false testimony at the October 9, 1990 suppression hearing[2] is not "material" within the meaning of Sec. 3C1.1 because his motion to suppress was granted, notwithstanding the magistrate's finding that his testimony lacked credibility. Grace argues that testimony is only material if it actually influenced the court's determination.
 
 
 3
 Section 3C1.1 allows enhancement when the court finds that the defendant has provided materially false information to a judge or magistrate. U.S.S.G. Sec. 3C1.1, comment, (n. 3f). Note five of the commentary defines "material" as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. Sec. 3C1.1, comment, (n. 5). Section 3C1.1, however, does not limit the definition of "material" to misrepresentations that successfully influence or affect the issue under determination. We have previously upheld enhanced sentencing for attempts to obstruct justice as well as actual obstruction of justice. See United States v. Gunning, 984 F.2d 1476, 1485 (7th Cir.1993); United States v. Caicedo, 937 F.2d 1227, 1235 (7th Cir.1991); United States v. Cherif, 943 F.2d 692, 703 (7th Cir.), cert. denied, 112 S.Ct. 1564 (1991).
 
 
 4
 In this case, Grace attempted to convince the magistrate judge that he had been physically abused and coerced by the DEA agents during the investigative stop. That the court found the pager's contents to have been improperly obtained for other reasons, does not make Grace's false testimony immaterial. Grace's obvious purpose was to influence the court's determination on the admissibility of evidence obtained during the stop. Accordingly, we AFFIRM the judgment of the district court.
 
 
 5
 We also note that in the three years since filing notice, Grace's appeal has languished at the hands of successive inattentive counsel. Deborah J. Stahl, Grace's present counsel, has filed five requests to extend the time in which to file the appellant's brief, and, despite granting four of the five extensions, this court has twice had to issue rules to show cause directing Ms. Stahl to explain why she should not be disciplined for her failure to prosecute Grace's appeal. Additionally, Ms. Stahl failed to comply with Circuit Rule 11(d) and was untimely and untruthful with this court regarding the return of the appellate record. As a result, it is ordered that the name of Deborah J. Stahl be stricken from the list of attorneys available for appointment to represent indigents before this Court.
 
 
 
 *
 Pursuant to Plaintiff-Appellee's motion, oral argument in this case was waived and this appeal was submitted on the briefs and record. See Fed.R.App.P. 34(a); Circuit Rule 34(f)
 
 
 [1]
 In August 1992, finding at least one non-frivolous issue for appeal, this court denied Grace's first appointed counsel's motion to dismiss the appeal but granted counsel's motion to withdraw. Anders v. California, 386 U.S. 738 (1967)
 
 
 [2]
 The government has conceded that the district court did not make a specific, independent finding of untruthfulness as to Grace's statements made on December 19, 1990 concerning the source of the money used to purchase his 26th street residence